

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/14/2016

40 Broad Street, 7th Floor
New York, New York 10004
Telephone: (212) 943-9080

**Michele A. Moreno Esq.**
mmoreno@vandallp.com

September 14, 2016

**VIA ECF**
Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Rm. 1305
New York, NY 10007

      Re:    *Teresa Cuevas v. Manuel Eduardo Albarran Campillo et al.*,
            Docket No. 16-cv-3721 (PAE)

Dear Judge Engelmayer:

      This firm is Counsel to Plaintiff in the above referenced wage and hour action. I write pursuant to Your Honor's instructions at the September 8, 2016 Initial Conference directing Counsel for Plaintiff to provide a letter by today's date addressing this Court's subject matter jurisdiction over Plaintiff's Fair Labor Standards Act ("FLSA") claims.

      Domestic service employees, employed in private homes, are covered employees under the Fair Labor Standards Act ("FLSA"). The basis for their coverage is derived from FLSA 29 U.S.C. § 202(a) ("That Congress further finds that the employment of persons in domestic service in households affects commerce."). The FLSA was specifically amended in 1974 to include workers, who in any workweek are employed in domestic service in one or more household and who either (1) receives sufficient compensation per calendar year such that his compensation would constitute wages under the Social Security Act or (2) provides the domestic services for more than eight hours per week. *See* Pub. L. No. 93-259, § 7, 88 Stat. 55, 62 (1974); *see also Velez v. Sanchez*, 693 F.3d 308, 326, 2012 U.S. App. LEXIS 15805, *40-41 (2d Cir. N.Y. 2012).

      Plaintiff alleges that she was employed by Defendants in their household for more than eight hours per week, and was thus engaged in commerce within the meaning of the FLSA 29 U.S.C. § 202(a). This statute is codified in 29 C.F.R. § 552.99, which states:

> Congress in section 2(a) of the Act specifically found that the employment of persons in domestic service in households affects commerce. In the legislative history it was pointed out that

employees in domestic service employment handle goods such as soaps, mops, detergents, and vacuum cleaners that have moved in or were produced for interstate commerce and also that they free members of the household to themselves to engage in activities in interstate commerce (S. Rep. 93-690, pp. 21-22). The Senate Committee on Labor and Public Welfare "took note of the expanded use of the interstate commerce clause by the Supreme Court in numerous recent cases (particularly *Katzenbach v. McClung*, 379 U.S. 294 (1964))," and concluded "that coverage of domestic employees is a vital step in the direction of ensuring that all workers affecting interstate commerce are protected by the Fair Labor Standards Act" (S. Rep. 93-690, pp. 21-22).

Accordingly, Your Honor has subject matter jurisdiction over Plaintiff's FLSA claims.

9/14/16

The Court thanks plaintiff's counsel for this clarification.

Respectfully submitted,

/s/ Jack L. Newhouse Esq.
/s/ Michele A. Moreno, Esq

*Attorneys for Plaintiff*

cc:  Matthew A. Steinberg, Esq
     Christopher R. Lepore, Esq.

*Attorneys for Defendants*

**SO ORDERED:**

_Paul A. Engelmayer_
HON. PAUL A. ENGELMAYER
**UNITED STATES DISTRICT JUDGE**